## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| THE BANCORP BANK, <br> 405 Silverside Road, Ste. 105 <br> Silverside-Carr Corporate Center <br> Wilmington, DE 19809 <br> <br> Plaintiff, <br> vs. <br> <br> WILLIAM R. NETTLES <br> 1444 Frederickson Road <br> Meridian, MS 39305 <br> and <br> CAROLE J. NETTLES <br> 1444 Frederickson Road <br> Meridian, MS 39305 <br> Defendants. | CIVIL CASE NO.: |

## COMPLAINT

1. Plaintiff The Bancorp Bank ("Bancorp"), is a financial institution with a place of business located at 405 Silverside Road, Ste. 105, Silverside-Carr Corporate Center, Wilmington, New Castle, DE 19809.

2. Defendant William R. Nettles. ("W. Nettles"), upon information and belief, is an adult individual, whose last known address to Bancorp is 1444 Frederickson Road, Meridian, MS 39305.

3. Defendant Carole J. Nettles ("C. Nettles"), upon information and belief, is an adult individual, whose last known address to Bancorp is 1444 Frederickson Road, Meridian, MS 39305.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1), as the matter in controversy is in excess of $75,000.00 exclusive of costs and interests, and is between parties of different states.

306862-1

5.      W. Nettles and C. Nettles consented to the jurisdiction and venue of this Court pursuant to paragraph 15 of a certain Pledge and Control Agreement, more specifically identified in paragraph 25 below.

## BACKGROUND

6.      On or about June 24, 2003, Net Charge, Inc. ("Net Charge") made, executed and delivered to Bancorp Bank, among other loan documents, a Promissory Note ("Note") evidencing a certain term loan in the principal amount of $250,000.00 from The Bancorp Bank ("Bancorp") to Net Charge, and provisions which are more particularly described therein. A true and correct copy of the Note is attached hereto, made a part hereof, and marked as Exhibit "A."

7.      On or about June 24, 2003, Net Charge executed and delivered to Bancorp a Disbursement Request and Authorization form ("Disbursement Form"), indicating, *inter alia*, that the primary purpose of the loan was for business and that the specific purpose of the loan was to "clear checking account overdrafts." A true and correct copy of the Disbursement Form is attached hereto, made a part hereof, and marked as Exhibit "B."

8.      Pursuant to the Disbursement Form, loan proceeds in the amount of $250,000.00 were deposited into a certain checking account to clear the overdraft created, which was represented and warranted by the Net Charge to be true and correct.

9.      The Note requires, *inter alia*, that Net Charge repay the loan by making thirty (30) monthly installments in the amount of $8,814.02, with a final payment due on January 1, 2006.

10.     The Note requires, *inter alia*, that interest will accrue at an initial variable rate of the Wall Street Journal Prime Rate as defined in the Note ("Index"), rounded up to the nearest 0.125% which at the time of the loan was 4.250% per annum, until the Note has been paid in

full, unless a default occurs wherein the interest rate will increase to 2.000% over the Index ("Default Interest Rate").

11. Upon information and belief, the President of Net Charge is David Nettles ("D. Nettles"), who is the adult son of Defendants W. Nettles and C. Nettles.

12. In order to induce Bancorp to permit repayment of the overdraft created and to secure the obligations of Net Charge evidenced by the Note, Defendants W. Nettles and C. Nettles executed and delivered to Bancorp a Pledge and Control Agreement dated June 24, 2003 (the "Pledge and Control Agreement"), wherein Defendants W. Nettles and C. Nettles as grantors (hereinafter "Grantors") explicitly agreed to assign and pledge to Bancorp certain securities consisting of cash, marketable securities, treasury bills and other Investment Property in the estimated aggregate value of $229,000.00 ("Securities") as collateral for the repayment of the Note. A true and correct copy of the Pledge and Control Agreement, is attached hereto, made part hereof, and marked as Exhibit "C."

13. At the time that the Pledge and Control was executed by the Grantors, the Securities were held by Edwards, and a copy of a financial report of the Securities produced by Defendant Edwards was provided to Bancorp Defendant Grantors for its records and proof of the existence and value of the Securities. A true and correct copy of the financial report of the Securities is attached hereto, made a part hereof, and marked as Exhibit "D."

14. In addition to the Pledge and Control Agreement, Defendant Grantors also executed a Notice of Final Agreement, which identifies the Note and the Disbursement Form as well as other related loan documents, along with D. Nettles as the President of Net Charge and as the Guarantor. A true and correct copy of the Notice of Final Agreement is attached hereto, made a part hereof, and marked as Exhibit "E."

15. Defendant Grantors were knowledgeable of the Note, Net Charge and D. Nettles' involvement and obligation to Bancorp to repay the overdraft created, and the purpose of the loan.

16. Pursuant to the Pledge and Control Agreement, the Defendant Grantors granted Bancorp all right, title and interest in the Securities and all proceeds thereof up to the amount of $229,000.00 ("Pledged Amount"), as collateral for the repayment of the Note.

17. Pursuant to the Pledge and Control Agreement, neither of the Defendant Grantors, nor any person or entity claiming by, through or under Defendant Grantors, shall have any right, title or interest in, or control over the Securities, except for amounts above the Pledged Amount.

18. Pursuant to the Pledge and Control Agreement, the Defendant Grantors acknowledged that the agreements made and the authorizations granted by them are irrevocable unless agreed to in writing by Bancorp.

19. Bancorp has not agreed in writing to a revocation of the agreement and authorizations made by the Defendant Grantors to it under the Pledge and Control Agreement.

20. Pursuant to the Pledge and Control Agreement, upon the occurrence of any Event of Default under the Note, in addition to the remedies set forth in the Pledge and Control Agreement, Bancorp may exercise any or all rights and remedies available to Bancorp under the Delaware Uniform Commercial Code or otherwise available to it.

21. Pursuant to the Pledge and Control Agreement, Bancorp may dispose of the Securities and apply it to the Note.

22. Pursuant to the Pledge and Control Agreement, Defendant Grantors waived and released any right to require Bancorp to collect any sums due under the Note from any other collateral, and specifically authorized Bancorp to apply any collateral, including the Securities, against the Note.

23. Pursuant to the Pledge and Control Agreement, all costs and expenses including without limitation reasonable attorneys' fees incurred or paid by Bancorp in exercising any right, remedy or power conferred to it in the Pledge and Control Agreement and in the enforcement of the Pledge and Control Agreement shall be paid by the Defendant Grantors.

24. Pursuant to the Pledge and Control Agreement, Defendant Grantors explicitly agreed that the Pledge and Control Agreement shall be governed by and interpreted in accordance with the laws of the State of Delaware.

25. Pursuant to the Pledge and Control Agreement, Defendant Grantors explicitly agreed to irrevocably submit to the non-exclusive jurisdiction of the courts of the State of Delaware in any and all actions or proceedings arising under or pursuant to the Pledge and Control Agreement.

**CLAIM FOR RELIEF**
**(Breach of Contract)**

26. The allegations set forth paragraphs 1 through 25 of this Complaint are incorporated herein by reference.

27. Net Charge breached the terms of the Note and became in default thereof by, *inter alia*, (a) failing to pay when and as due the outstanding amount of the Note; and (b) failing to comply with the terms, conditions, covenants and provisions set forth in the Note and related loan documents, thereby causing Bancorp to declare and demand the entire amount due and owing under the Note as immediately due and payable.

28. In accordance with the terms of the Note, Net Charge is obligated and liable to Bancorp for Two Hundred Thirty-Seven Thousand Forty-Three Dollars and Seventy-Four Cents (**$237,043.74**) and assess the following damages which are readily calculated by referenced to the Loan Documents, as set forth below:

    (a) Loan Balance:     $205,398.84

|     |                                                                                  |              |
|-----|----------------------------------------------------------------------------------|--------------|
| (b) | Interest (as of 3/18/05, plus $29.95 per diem thereafter):                       | $6,260.54    |
| (c) | Late Charges:                                                                    | $2,539.96    |
| (d) | Other Fees:                                                                      | $1,294.97    |
| (e) | Attorney's Fees                                                                  | <u>$21,549.43</u> |
|     | **Total**                                                                        | **$237,043.74** |

29.  Pursuant to the Pledge and Control Agreement and due to the default on the Note, Defendant Grantors are obligated and liable to Bancorp in the amount of $229,000,00.

30   Despite repeated demands for payment, Net Charge, D. Nettles and Grantors have failed and refused to pay all sums due and owing, or any portion hereof under the Note.

31.  Despite repeated demands for Defendant Grantors to liquidate the Securities and turnover the funds in the Pledged Amount, Defendant Grantors have refused to pay the sums due and owing pursuant to the Pledge and Control Agreement.

WHEREFORE, the Plaintiff, The Bancorp Bank, demands that Judgment be entered against Defendants, William R. Nettles and Carole J. Nettles, jointly and severally, in the sum of **$229,000.00**, and Judgment demanding the liquidation of the pledged securities in such amount.

**DRESCHER & ASSOCIATES**

Date: April 7, 2005

By: */s/Ronald J. Drescher*
Ronald J. Drescher, Esquire Bar No. 4087
One Commerce Center
1201 North Orange Street, Ste. 732
Wilmington, DE  19801-1186
Local Counsel for Plaitnffs

and

**LAMM, RUBENSTONE, TOTARO & DAVID, LLC.**
Sherry D. Lowe, Esquire
Four Greenwood Square, Ste. 200
Bensalem, PA  19020
Attorneys for Plaintiff

306862-1

6