IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| THE BANCORP BANK, | : | |
|     Plaintiff, | : | |
| v. | : | C.A. No. 05-203 |
| WILLIAM R. NETTLES, and<br>CAROLE J. NETTLES, | : | |
|     and | : | JURY TRIAL DEMANDED |
|     Defendants. | : | |

## ANSWER AND COUNTERCLAIM

Defendants, William R. Nettles and Carole J. Nettles (jointly "Nettles"), by and through their undersigned counsel, hereby ANSWER the *Complaint* [D.I. 1] ("Complaint"), and assert their COUNTERCLAIM against Plaintiff, The Bancorp Bank, as follows:

1.   The Nettles are without sufficient knowledge or information to admit or deny the allegations of this paragraph.

2.   Admitted.

3.   Admitted.

4.   The allegations of this paragraph state legal conclusions to which no response is required.

5.   The allegations of this paragraph state legal conclusions to which no response is required.  By way of further response, the Pledge and Control Agreement speaks for itself and any allegations of this paragraph contrary to the terms thereof are expressly denied.

6. The Nettles are without sufficient knowledge or information to admit or deny whether the Promissory Note was executed by Net Charge. By way of further response, any allegations of this paragraph contrary to the terms of the Promissory Note are expressly denied.

7. The Nettles are without sufficient knowledge or information to admit or deny whether the Disbursement Form was executed by Net Charge. By way of further response, any allegations of this paragraph contrary to the terms of the Disbursement Form are expressly denied.

8. Admitted upon information and belief that proceeds of the loan were applied to "overdrafts" of an entity other than Net Charge. Denied that any overdraft was "represented and warranted" by Net Charge. By way of further response, no amounts of the loan proceeds were "paid to Borrowers directly" as stated on the Disbursement Form.

9. No response required in that the Promissory Note speaks for itself. By way of further response, any allegations of this paragraph contrary to the terms thereof are expressly denied.

10. No response required in that the Promissory Note speaks for itself. By way of further response, any allegations of this paragraph contrary to the terms thereof are expressly denied.

11. Admitted that David Nettles is the adult son of the Nettles. The Nettles are without sufficient knowledge or information to admit or deny the balance of the allegations of this paragraph.

12. Denied.

13. Admitted that the Nettles owned a certain investment account held by A.G. Edwards & Sons, Inc. Denied that there is a "Defendant Edwards" in this case, and denied that anything was provided to an entity "Bancorp Defendant Grantors."

14. Admitted that the Nettles executed the Notice of Final Agreement. By way of further response, the Notice of Final Agreement speaks for itself, and any allegations of this paragraph contrary to the terms thereof are expressly denied.

15. Denied.

16. Denied.

17. Denied.

18. No response required in that the Pledge and Control Agreement speaks for itself. By way of further response, any allegations of this paragraph contrary to the terms thereof are expressly denied.

19. The Nettles are without sufficient knowledge or information to admit or deny the allegations of this paragraph.

20. No response required in that the Pledge and Control Agreement speaks for itself. By way of further response, any allegations of this paragraph contrary to the terms thereof are expressly denied.

21. Denied. By way of further response, the Pledge and Control Agreement speaks for itself, and any allegations of this paragraph contrary to the terms thereof are expressly denied.

22. Denied. By way of further response, the Pledge and Control Agreement speaks for itself, and any allegations of this paragraph contrary to the terms thereof are expressly denied.

23. Denied. By way of further response, the Pledge and Control Agreement speaks for itself, and any allegations of this paragraph contrary to the terms thereof are expressly denied.

24. No response required in that the Pledge and Control Agreement speaks for itself. By way of further response, any allegations of this paragraph contrary to the terms thereof are expressly denied.

25. No response required in that the Pledge and Control Agreement speaks for itself. By way of further response, any allegations of this paragraph contrary to the terms thereof are expressly denied.

## CLAIM FOR RELIEF

26. No response required.

27. The allegations of this paragraph state legal conclusions to which no response is required.

28. The Nettles are without sufficient knowledge or information to admit or deny the allegations of this paragraph. By way of further response, the Promissory Note speaks for itself, and any allegations of this paragraph contrary to the terms thereof are expressly denied.

29. Denied.

30. Admitted that the Nettles have paid nothing to Plaintiff.

31. Admitted that the Nettles have paid nothing to Plaintiff.

## FIRST AFFIRMATIVE DEFENSE

The complaint fails to state a claim against the Nettles upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

This action should be transferred to the Southern District of Mississippi.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against the Nettles are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of equitable estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of judicial estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by failure of consideration.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by fraud.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are the result of duress.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of forum non conveniences.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered any damages as a result of the purported claims alleged in the Complaint.

## COUNTERCLAIM[1]

1.   In or about September, 2002, Net Charge, Inc. was incorporated under the Laws of the State of Mississippi.

2.   Prior to September, 2002, a bank account ("DSG Account") was opened at The Bancorp Bank ("Bank") in the name of "DSG Development" ("DSG"). At no time has Net Charge, Inc. had any interest in or control of the DSG Account.

3.   Prior to September, 2002, upon information and belief, an overdraft ("Overdraft") was created in the DSG Account. At no time has Net Charge, Inc. been liable for the Overdraft.

4.   On or about June 24, 2003, William R. Nettles and Carole J. Nettles (jointly "Nettles") executed a Pledge and Control Agreement. Immediately thereafter, the Nettles notified their broker not to sign the Pledge and Control Agreement. The Nettles also notified Bank not to fund the loan to Net Charge, and advised that they were voiding the Pledge and Control Agreement.

## COUNT I – FRAUD IN THE INDUCEMENT

5.   The Nettles hereby incorporate the allegations in paragraphs 1-4 above as though set forth in their entirety.

6.   Bank represented to the Nettles that the purpose of the Pledge and Control Agreement was to secure a loan ("Loan") to Net Charge, Inc. Bank further represented to the Nettles that the purpose of the Loan was to fund start-up operations for the conduct of business by Net Charge, Inc.

---

[1] Count II of this Counterclaim is pled in the alternative. The Pledge and Control Agreement was validly revoked and cancelled, and is otherwise invalid and unenforceable.

6

7. The Loan was not made to Net Charge, Inc.; rather, the Loan proceeds were disbursed directly to the DSG Account. Further, the purpose of the Loan was not to fund start-up operations of Net Charge, Inc.; rather the purpose was to fund the alleged liability of DSG arising from the Overdraft. At the time Bank made the aforementioned representations ("Misrepresentations"), Bank knew they were false, or Bank made its Misrepresentations with a reckless disregard for their truth or falsity.

8. Bank knew or should have known that its Misrepresentations were material.

9. Bank made its Misrepresentations with the intent to deceive the Nettles and for the purpose of inducing the Nettles into executing the Pledge and Control Agreement.

10. The Nettles executed the Pledge and Control Agreement in reliance upon the Bank's Misrepresentations, and such reliance was reasonable under the circumstances.

11. The Nettles would not have executed the Pledge and Control Agreement if they had known the Bank's true intended recipient of the Loan proceeds, or the true purpose of the Loan.

12. Bank knew or should have known that the Nettles would not have executed the Pledge and Control Agreement if they had been aware of the true intended recipient of the Loan proceeds or of the true purpose of the Loan.

13. As a result of the alleged Loan default by Net Charge, Inc., Bank has demanded turnover of the Nettles' brokerage account. As a result thereof, the Nettles brokerage account has been "frozen," denying the Nettles access to their own savings, and forcing the Nettles to take legal action to obtain such access. Further, Bank has initiated this civil action, forcing the Nettles to expend costs and legal fees in defense thereof.

14. As a direct and proximate cause of Bank's Misrepresentations, the Nettles have suffered and continue to suffer damages in an amount not yet ascertained, including, but not limited to, emotional distress, costs and counsel fees.

15. Bank is liable to the Nettles for such damages.

**COUNT II – BREACH OF DUTY OF GOOD FAITH**

16. The Nettles hereby incorporate the allegations in paragraphs 1-15 above as though set forth in their entirety.

17. Under 6 *Del. C.* §1-304, Bank owed and continues to owe the Nettles a duty of good faith in the performance and enforcement of the Pledge and Control Agreement.

18. Bank had a duty to disclose the true intended recipient of the Loan proceeds and the true purpose of the Loan to the Nettles before accepting the Pledge and Control Agreement.

19. Through its Misrepresentations and its unjust pursuit of claims against the Nettles, Bank has breached and continues to breach its duty of good faith in the performance and enforcement of the Pledge and Control Agreement.

20. As a direct and proximate cause of Bank's breach of its duties, the Nettles have suffered and continue to suffer damages in an amount not yet ascertained, including, but not limited to, emotional distress, costs and counsel fees.

21. Bank is liable to the Nettles for such damages.

WHEREFORE, Defendants, William R. Nettles and Carole J. Nettles, ask that this Court (i) dismiss the Complaint with prejudice; (ii) enter judgment in favor of the Nettles and against Plaintiff, The Bancorp Bank, on the Counterclaims; (iii) award the Nettles their costs and reasonable counsel fees; and (iv) grant such other and further relief as may be just and proper.

8

| | |
|---|---|
| Dated: May 25, 2004 | CONNOLLY BOVE LODGE & HUTZ LLP |
| | |
| | /s/ Jeffrey C. Wisler |
| | Jeffrey C. Wisler (No. 2795) |
| | Marc J. Phillips (No. 4445) |
| | 1007 North Orange Street |
| | P.O. Box 2207 |
| | Wilmington, Delaware 19899-2207 |
| | Tel. (302) 658-9141 |
| | Fax. (302) 658-0380 |
| | e-mail: jwisler@cblh.com |
| | |
| | and |
| | |
| | Thomas L. Webb, Esq. |
| | 613 22nd Avenue |
| | Meridian, MS 39301 |
| | (601) 483-1200 |
| | |
| | Attorneys for Defendants |

#397837

9